**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| DAWUD BEST,       ) | |
|       ) | |
|     *Plaintiff*,     ) | Case No: 1:21-cv-00093-CJN |
|       ) | |
| v.       ) | |
|       ) | |
| VERIZON COMMUNICATIONS, INC.,  ) | |
|     *et al.*,     ) | |
|       ) | |
|     *Defendants*.     ) | |
|       ) | |

**NON-PARTY VERIZON COMMUNICATIONS INC.'S**
**OPPOSITION TO DAWUD BEST'S MOTION FOR ORDER OF DEFAULT**

Non-party Verizon Communications Inc., by and through undersigned counsel, hereby opposes Plaintiff Dawud Best's Motion for Order of Default, ECF No. 18, because Plaintiff has failed to serve any Verizon party. Though counsel for Verizon Communications Inc. has explained to Plaintiff that the proper entity has not been named or served—and has even offered to accept service on behalf of the correct entity—Plaintiff has refused to withdraw his baseless Motion for Order of Default. For the reasons stated below, the Motion should be denied.

**BACKGROUND**

Plaintiff filed this action against Verizon Communications, Inc. and other defendants—but not Verizon Communications Inc.—on December 12, 2020. The case was subsequently removed to this Court on January 11, 2021, ECF No. 1.

Verizon Communications, Inc.—with a comma—is no longer an active legal entity, as reflected in public records with the D.C. Department of Consumer and Regulatory Affairs, which lists its entity status as "Revoked." *See* Declaration of Robert Slevin ("Slevin Decl.") ¶¶ 2-3; *see also* Slevin Decl., Ex. A. Verizon Communications Inc.—***without*** the comma—is an active entity

registered in Delaware and headquartered in New York.  *See* Slevin Decl. ¶ 2.  Not merely a formality, Verizon Communications, Inc. and Verizon Communications Inc. were and are distinct legal entities.  *See id*.  Verizon Communications Inc. is not licensed to do business in the District of Columbia.  *See id.*

After Plaintiff improperly attempted to serve process on Verizon Communications, Inc., on January 8, 2021, CT Corporation System ("CT") sent a letter addressed to Jeffery Styles, counsel for Plaintiff.  *See* Declaration of Alexandre Halow ("Halow Decl.") ¶ 4.  The letter stated that process "was attempted upon CT Corporation as the purported agent for service of process for VERIZON COMMUNICATIONS, INC."  *See id.*, Ex. A.  The letter then informed Mr. Styles that service of process was ***not*** effected: "VERIZON COMMUNICATIONS, INC. is inactive on the records of the State DC.  Our services for this entity have also been discontinued for more than five (5) years and, as such, we no longer maintain an active record of this entity.  Since we have no address to which to forward this process, we have not done so."  *Id.*

Plaintiff's Proof of Service, filed March 21, 2021, incorrectly states that his agent served Verizon Communications, Inc. via its purported registered agent, CT, and neglects to mention the above response from CT.  *See* Proof of Service, ECF No. 16.  Plaintiff has not otherwise served or attempted to serve Verizon Communications, Inc.  *See* Slevin Decl. ¶¶ 4-5.  Nor has Plaintiff served or attempted to serve Verizon Communications Inc. or any other related entity.  *See id*. ¶ 5.

After Plaintiff filed the present Motion, Robert Slevin, Senior Managing Associate General Counsel of Verizon Communications Inc., informed Plaintiff's counsel via voicemail and email on March 23 and 24, respectively, that service had not been effected on Verizon Communications,

Inc.  He further stated that to the extent Plaintiff intended to serve Verizon Communications Inc.—without the comma—Plaintiff had not done so.  *See* Slevin Decl. ¶ 6.

Mr. Slevin requested that Plaintiff withdraw the Motion and offered to discuss with Plaintiff which Verizon entity would be the proper entity for Plaintiff's claims so that Plaintiff could so amend his complaint.  Mr. Slevin offered to accept service of an amended complaint naming a proper entity.[1]  *See* Slevin Decl. ¶ 7.  On March 25, Mr. Slevin again emailed Mr. Styles, once again asked him to withdraw the Motion for Order of Default, and again offered to accept service on behalf of the correct Verizon entity.  *See id.* ¶ 8.  Plaintiff did not respond to Mr. Slevin's voicemail or emails.  *See id.* ¶ 9.

## ARGUMENT

Under Federal Rule of Civil Procedure 55(a), "[d]efault cannot be entered where there was insufficient service of process."  *Scott v. District of Columbia*, 598 F. Supp. 2d 30, 36 (D.D.C. 2009); *see also Ilaw v. Dep't of Just.*, 309 F.R.D. 101, 105 (D.D.C. 2015) (vacating entry of default when the plaintiff failed to properly serve the defendant); *Koerner v. United States*, 246 F.R.D. 45, 47 (D.D.C. 2007) (same).  Absent effective service, an "obligation to plead or otherwise respond had actually not arisen."  *Scott*, 598 F. Supp. 2d at 36.   Here, Verizon Communications, Inc. has never been served, nor is it an active legal entity.  No other Verizon entity has been served in its place.  "Default is not proper under these circumstances."  *Id.*

Even if Plaintiff had properly served any Verizon entity—which he has not—the Court should deny Plaintiff's Motion and allow Verizon Communications Inc. to respond on the merits.

---

[1] Although Verizon Communications Inc. is an active entity, it is also not the proper corporate defendant in this case.  Verizon Communications Inc. is a holding company that does not provide products or services of any kind, and does not bill for its products or services.  *See* Slevin Decl. ¶ 7.  Thus, to the extent Plaintiff alleges violations of the Fair Credit Reporting Act based on alleged improper credit reporting, he has no cause of action against Verizon Communications Inc.

"Default judgments are disfavored by modern courts."  *Koerner*, 246 F.R.D. at 47.  The D.C. Circuit has expressed a "preference for an adjudication on the merits and a corresponding disfavor for resolving litigation by default."  *Canady v. Erbe Elektromedizin GmbH*, 307 F. Supp. 2d 2, 9 (D.D.C. 2004) (citing *English–Speaking Union v. Johnson,* 353 F.3d 1013, 1021 (D.C. Cir. 2004))).  When evaluating whether to deny a motion for entry of default, courts in this District evaluate "(1) whether the default was willful, (2) whether a set-aside would prejudice the plaintiff, and (3) whether the movant has a meritorious defense."  *See Candido v. District of Columbia*, 242 F.R.D. 151, 156 (D.D.C. 2007) (explaining that the factors used to evaluate whether to deny a motion for entry of default are same factors used to evaluate whether to set aside an entry of default).

   None of these factors is present here.  *First*, the default was not willful, as Plaintiff has not served—or attempted to serve—any Verizon entity.  *See* Slevin Decl. ¶¶ 4-5.  *Second*, Plaintiff will not be prejudiced, as the other Defendants have only recently answered or have not yet answered.  *See, e.g.*, ECF No. 13 (Answer filed by Capitol One Bank on February 15, 2021); ECF No. 14 (Answer filed by Experian Information Solutions on February 18, 2021); ECF No. 15 (Answer filed by LexisNexis Risk Solutions on February 18, 2021); ECF No. 25 (Answer of Trans Union LLC due April 16, 2021).  *Third*, Verizon Communications Inc. denies the allegations in the Complaint and intends to mount a vigorous defense (for—among other reasons—lack of personal jurisdiction, as Verizon Communications Inc. is not licensed to do business in the District of Columbia.  *See* Slevin Decl. ¶ 2).  *See Candido*, 242 F.R.D. at 156 (denying motion for entry of default and noting that although the defendant "has not filed an answer directly denying the plaintiff's allegations . . . [the defendant] does specifically indicate it will dispute the plaintiff's alleged damages . . . .").  Thus, the Court should allow this case to proceed "on the merits rather

than allowing 'technicalities [to] preclude the substantive resolution of [the parties'] dispute[].'"

*Id.*  (quoting *Jackson v. Beech*, 636 F.2d 831, 835 (D.C. Cir. 1980)).

## **CONCLUSION**

Because neither Verizon Communications, Inc. nor Verizon Communications Inc. has been

properly served, Verizon Communications Inc. respectfully requests that the Court deny Plaintiff's

Motion for Order of Default.


Dated:  April 2, 2021                                    Respectfully submitted,

                                                        **AEGIS LAW GROUP LLP**

                                                        /s/ *Serine Consolino*
                                                        Michael K. Ross (D.C. Bar No. 458573)
                                                        Serine Consolino (D.C. Bar No. 1033847)
                                                        801 Pennsylvania Ave., N.W.
                                                        Suite 740
                                                        Washington, DC 20004
                                                        Phone: (202) 737-3500
                                                        mross@aegislawgroup.com
                                                        sconsolino@aegislawgroup.com