UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAWUD BEST

 Plaintiff,

v.             Case No. 1:21-cv-00093-CJN

VERIZON COMMUNICATIONS INC.

 Defendant,

VERIZON MARYLAND LLC

 Defendant,

TRANS UNION, LLC

 Defendant,

EQUIFAX INFORMATION SERVICES, LLC

 Defendant,

EXPERIAN INFORMATION SOLUTIONS, INC.

 Defendant,

LEXISNEXIS RISK SOLS INC.

 Defendant,

CAPITAL ONE NATIONAL ASSOCIATION

 Defendant,

CAPITAL ONE BANK (USA) N.A.

 Defendant.

---

## FIRST AMENDED COMPLAINT AND JURY DEMAND

 Plaintiff, Dawud Best, files suit against defendants Verizon Communications Inc. and Verizon Maryland LLC (collectively "Verizon"), TransUnion ("TransUnion"), Experian

Information Solutions, Inc. ("Experian"), Equifax Information Services, LLC ("Equifax"), LexisNexis Risk Solutions, Inc. ("LexisNexis"), Capital One, National Association ("Capital One, N.A."), and Capital One Bank (USA) N.A. ("Capital One Bank"), and alleges as follows:

## PRELIMINARY STATEMENT

1. This is an action for actual and statutory damages, costs and attorney's fees brought pursuant to 15 U.S.C. § 1681 et seq. ("FCRA").

## PARTIES TO THIS ACTION

2. Dawud Best is a natural person who resides in the District of Columbia.

3. Verizon is one of the largest national telecommunication companies in the world.

4. TransUnion is a credit reporting agency that prepares and sells credit information.

5. Experian is a credit reporting agency that prepares and sells credit information.

6. Equifax is a credit reporting agency that prepares and sells credit information.

7. LexisNexis is a furnisher that collects and furnishes public record information.

## FACTUAL ALLEGATIONS

8. Mr. Best's credit reports with TransUnion, Experian and Equifax (collectively, the "CRAs") contain(ed) inaccurate tradelines/collection and public records, including phone account(s) tradeline with Verizon and a Chapter 13 bankruptcy furnished by LexisNexis.

### A.     Verizon Tradeline/Collection

9. Within two years of filing this action, Verizon reported two different phone accounts to Plaintiff's credit reports with the credit reporting defendants Equifax, Experian and Trans Union (herein after, collectively "CRAs").

10. The first account was a promotion for phone, cable and internet services

11. After the promotion period ended, Plaintiff closed the account. At the time of closing the account, the Plaintiff owed no more than $200.

12. Thereafter, Plaintiff attempted to pay the outstanding balance, but Verizon insisted that he pay $432, which was more than double than the legitimate amount owed.

13. Verizon reported this inflated amount to the CRAs.

14. The second phone account was for internet services only.

15. Verizon assessed an illegal bankruptcy fee onto Plaintiff's account.

16. While Plaintiff did file for bankruptcy, his Verizon account was not included.

17. Plaintiff requested Verizon remove the illegal fee, but Verizon refused.

18. Because Verizon refused to remove the illegal bankruptcy fee, Plaintiff terminated his phone services with Verizon via its online website.

19. Verizon did not close the account and charged Plaintiff for another month.

20. Plaintiff disputed the Verizon account with the CRAs.

### B.   Chapter 13 Bankruptcy

21. LexisNexis furnished information regarding Plaintiff's bankruptcy to the CRAs.

22. LexisNexis furnished incomplete information to Experian. Specifically, LexisNexis failed to report information on the claim amount, liability amount and the date resolved.

23. LexisNexis furnished incomplete and inaccurate information to Trans Union. Specifically, LexisNexis failed to report the claim amount and liability amount and reported the incorrect date paid/discharged.

24. Lexis Nexis furnished inaccurate and/or incomplete information to Equifax. The bankruptcy public record is inaccurate *and incomplete*. The amount (claim amount or liability

amount as described by other credit reporting agencies) is not being reported. The update date is inaccurate. The bankruptcy was reopened on April 17, 2017, not March 29, 2017. And there were other subsequent filings, and the case was closed after April 17, 2017.

25. Further, LexisNexis reported the incorrect date the bankruptcy was opened and/or omitted the date the bankruptcy was reopened to Trans Union.

26. Although Verizon was not included in the bankruptcy, the CRAs reported Plaintiff's Verizon account as being included in the bankruptcy.

27. Plaintiff disputed the Bankruptcy information with the CRAs.

28. Following Plaintiff's dispute and the CRAs failure to make the requested corrections, Plaintiff requested a description of the CRAs' reinvestigation procedure, including the identity and contact information of the source of information contacted during the reinvestigation.

### **COUNT ONE: VIOLATION(S) OF 15 U.S.C. § 1681e(b)**
**(Equifax, Experian and Trans Union)**

29. Plaintiff incorporates the preceding allegations by reference.

30. The CRAs reported inaccurate and incomplete information regarding Plaintiff's bankruptcy because the CRAs do not employ and utilize reasonable procedures to report *maximum* accurate information on consumers' credit reports.

31. At a minimum, the CRAs need procedures that verify the source of information is reporting complete information that addresses each relevant field on a report.

32. Additionally, the CRAs need procedures that contain *some* checks that verify the furnisher of public records is conveying the information accurately from the public records.

33. The CRAs reported inaccurate and/or misleading information regarding Plaintiff's account with Verizon because the CRAs have no procedures that allow them to consider

information from other sources other than the furnisher. Consequently, the CRAs shun information that could alert them that the furnisher is reporting inaccurate information.

34. Defendants Experian and Trans Union reported inaccurate and/or misleading information regarding the source of information for the bankruptcy. Instead of disclosing LexisNexis as the source of information for the bankruptcy, Experian and Trans Union reported the bankruptcy in a manner that inferred the information reported by the bankruptcy court or that Defendants obtained the information from the bankruptcy court.

35. Additionally, the Defendants have no procedures in place to assure that disputed credit information is properly reflected as disputed in the credit reports that they prepare.

36. Within two years of filing this action, the CRAs sold Plaintiff's credit reports containing the inaccurate, incomplete, misleading and derogatory information to third parties, including but not limited to creditors, potential creditors and debt collectors.

37. Based on the foregoing, the Defendants violated 15 U.S.C. § 1681e(b) by failing to establish and/or follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files they published and maintained for Plaintiff.

38. As a result of Defendants' violations of 15 U.S.C. § 1681e(b), Plaintiff suffered actual damages, including but not limited to: pecuniary expenses, loss of credit opportunity, damages to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

39. The violations by Defendants were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

40.     Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT TWO: VIOLATION(S) OF 15 U.S.C. § 1681g
### (Experian and Trans Union)

41.     Plaintiff incorporates paragraphs 1 through 28.

42.     Section 1681g(a)(2) mandates that a CRA disclose the sources of information for any information that is reported to a consumer's credit report.

43.     The term "sources of the information" is plural and means all sources, including the entity that gave the information to Experian and Trans Union. Thus, a CRA is compelled to identify, not the "source," but the "sources of the information."

44.     An interpretation of the phrase "sources of the information" that omits not only the principal supplier of the information but also the entity determining the actual content of the credit items listed in the credit report, is an objectively unreasonable interpretation of the law and has been rejected by the courts.

45.     Failing to disclose the actual entity supplying the information deprives consumers from learning of whom they can ultimately hold accountable for the content on their report(s).

46.     By omitting LexisNexis as the source of information, Plaintiff was deprived of the opportunity to contact LexisNexis directly and therefore, Experian and Trans Union made it more difficult for Plaintiff to correct his credit report.

47.     Within two years of filing this action, the Experian and Trans Union furnished credit reports and descriptions of investigation that identified the bankruptcy court as the source of information and/or directed Plaintiff to contact the bankruptcy court to resolve his dispute.

48. Based on the foregoing, the Defendants violated 15 U.S.C. § 1681g(a)(2) by failing to disclose LexisNexis as the source of information for the bankruptcy on his credit reports.

49. As a result of Defendants' violations of 15 U.S.C. § 1681g(a)(2), Plaintiff suffered actual damages, including but not limited to: out of pocket costs, frustration, and other mental and emotional distress.

50. The violations by Defendants were willful, rendering each of the Defendants individually liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

51. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT THREE: VIOLATION OF 15 U.S.C. § 1681i(a)
### (Equifax, Experian and Trans Union)

52. Plaintiff incorporates paragraphs 1 through 51.

53. Section 1681i(a)(1) mandates that a CRA reasonably reinvestigate a consumer's dispute and report the results of the reinvestigation.

54. To satisfy the reasonable investigation standard, a CRA must do more than exclusively rely on the furnisher's representation of the facts, and conduct an independent, partial investigation of the dispute that considers the consumer's claim(s).

55. Defendants violated section 1681i(a)(1) by failing to conduct any investigation, let alone a reasonable investigation, and instead exclusively relying on Verizon and LexisNexis for the resolution of Plaintiff's dispute.

56.     Although the Defendants are required to *both* investigate the consumer dispute pursuant to section 1681i(a)(1) and forward notice of the dispute to the furnisher pursuant to section 1681i(a)(2), the Defendants' policies, practices and procedures are designed only to attempt compliance with section 1681i(a)(2).

57.     Despite the plain language of section 1681i(a)(1) requires a CRA conduct a reasonable reinvestigation, the Defendants' policies, practices and procedures are to rely on the furnisher's response rather than to conduct their own reinvestigation.

58.     Defendants' exclusive reliance on the furnisher was not only a violation of their statutory duty, but it was unreasonable for the Defendants know, or should know, that the furnishers routinely fail to conduct a reasonable investigation.

59.     Defendants' violation of section 1681i(a)(1) was intentional and/or willful for the Defendants' have a policy and practice to *only* forward notice of the consumer's dispute and to *never* conduct their own investigation of a consumer's dispute.

60.     Section 1681i(a)(2)(A) mandates that a CRA provide notice of the consumer's dispute to the furnisher of the disputed information.

61.     To satisfy their obligation(s) under section 1681i(a)(2)(A), the Defendants must forward notice of the consumer's dispute, including <u>all</u> relevant information within 5-days of receiving the dispute.

62.     Defendants created an automated consumer dispute verification ("ACDV") form that inadequately summarized Plaintiff's dispute and provided an inaccurate portrayal of his dispute.

63.     Defendants do not require the furnisher to consider and review the consumer's dispute, and only expect the furnisher to rely on the ACDV for conducting its investigation.

64. Defendants violated section 1681i(a)(2)(A) by failing to forward an accurate portrayal of Plaintiff's dispute to the Verizon and LexisNexis.

65. Section 1681i(a)(4)(A) relates to section 1681i(a)(1) and mandates that the credit reporting agency review and consider all the relevant information provided by the consumer during the CRA's reinvestigation.

66. Defendants violated section 1681i(a)(4)(A) by failing to conduct a reinvestigation, much less a reinvestigation that included reviewing and considering <u>all</u> relevant information from the Plaintiff's dispute.

67. Section 1681i(a)(5)(A) relates to section 1681i(a)(1) and mandates that a credit reporting agency delete or modify the disputed information that has been found to be inaccurate or incomplete or unverifiable during the CRA's reinvestigation.

68. Defendants violated section 1681i(a)(5)(A) by failing to conduct a reinvestigation, much less conducting a reinvestigation and then taking appropriate post-investigation action, including the deletion or modification the disputed information based on the results of their reasonable reinvestigation.

69. Defendants' violation of section 1681i(a)(5) was intentional and/or willful for the Defendants' have a policy to parrot the furnisher's response to a consumer's dispute and never delete or modify information that was not properly verified.

70. Section 1681i(a)(7) mandates that, upon a request from a consumer, a CRA provide a description of the procedure, including the identity and contact information of any furnisher contacted during the reinvestigation, that was used to determine the accuracy and completeness of information disputed by the consumer within 15-days of receiving the consumer's request.

71. Defendants Experian and Trans Union violated section 1681i(a)(7) by failing to disclose LexisNexis in response to Plaintiff's request for a description of their investigation.

72. As a result of Defendants' violations of 15 U.S.C. §§ 1681i(a), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

73. The violations by Defendants were willful, rendering the CRAs liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles her to recovery under 15 U.S.C. § 1681o.

74. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

### COUNT FOUR: VIOLATION OF 15 U.S.C. § 1681s-2(b)
### (as to defendants Verizon and LexisNexis)

75. Plaintiff incorporates paragraphs 1 through 28.

76. Section 1681s-2(b)(1)(A) mandates a furnisher conduct a reasonable investigation of a consumer's dispute that is forwarded to the furnisher by a CRA.

77. To satisfy the reasonable investigation standard, a data furnisher must conduct a searching inquiry into the dispute rather than a superficial or perfunctory investigation.

78. Defendants violated section 1681s-2(b)(1)(A) by failing to conduct a reasonable investigation of Plaintiff's dispute that was forwarded to them from the CRAs.

79. Defendants did nothing more than compare the points of data provided by the CRAs with its own records. Consequently, Defendants' investigations only showed that the CRA was

accurately reporting the information the Defendants had previously provided. The many defects in the accuracy of the reported information went undetected.

80. Defendants inquiry was cursory at best and not likely to turn up information about the underlying facts and positions of the parties.

81. Defendants' cursory investigation is the normal process for Defendants' to investigate credit disputes received from CRAs.

82. Defendants adopted a policy of conducting cursory and superficial investigations to save money and resources that are attendant reasonable investigations.

83. Section 1681s-2(b)(1)(B) mandates a furnisher review all relevant information that it receives from a CRA regarding a consumer's dispute.

84. Defendants process credit disputes based on the information contained in the ACDV only and do not review the dispute letter that may be attached to the ACDV.

85. Defendants only spend minutes processing a dispute and do not have time to review the dispute letter or any other relevant information provided by the CRA.

86. Defendants adopted their policy of conducting quick, perfunctory investigations to keep their costs low for processing consumers' disputes.

87. Sections 1681s-2(b)(1)(C)-(E) mandate that a furnisher report the results of the investigation of the credit dispute to the CRAs.

88. Defendant LexisNexis violated section 1681s-2(b)(1)(C)-(E) by failing to report the information that was omitted from the CRAs or report that the information was incomplete.

88. Defendant LexisNexis violated section 1681s-2(b)(1)(C) & (E) by failing to report the public record information as disputed.

89. Defendant LexisNexis' violations of section 1681s-2(b)(1)(C)-(E) are due to policies, practices and procedures that cause their dispute processors to only report certain information in a certain matter no matter what the dispute process learns during the investigation.

90. Defendant Verizon violated section 1681s-2(b)(1)(C)-(E) by failing to report to the CRA that it did not verify that the disputed information was accurate and complete.

91. Defendant Verizon's violation(s) of section 1681s-2(b)(1)(C)-(E) are due to its policies, practices and procedures to limit the scope of a dispute processors investigation and to report the disputed information as accurate if its limited investigation did not verify the information.

92. As a result of Defendants violations of 15 U.S.C. §§ 1681s-2(b)(1)(A)-(E), Plaintiff suffered actual damages, including but not limited to: out-of-pocket and/or pecuniary costs, loss of credit opportunity, damage to reputation, frustration, embarrassment, humiliation and other mental and emotional distress.

93. The violations by Defendants were willful, rendering Defendants liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n. In the alternative, Defendants were negligent, which entitles him to recovery under 15 U.S.C. § 1681o.

94. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees in an amount to be determined by the Court pursuant to 15 U.S.C. §§ 1681n and 1681o.

## **COUNT FIVE: VIOLATIONS OF 15 U.S.C. § 1681b**
**(as to the Capital One Defendants)**

95. Section 1681b(f) prohibits a person from using or obtaining a consumer report for any unauthorized purpose.

96. Capital One Bank obtained Plaintiff's Trans Union report for an account review.

97. The FCRA provides that a report can be released for account "review" purposes, *i.e.*, "where the creditor has an existing account relationship with the consumer *and* uses the report solely to decide whether to modify the terms of the account." Federal Trade Commission, 40 Years of Experience with the Fair Credit Reporting Act, an FTC Staff Report with Summary of Interpretation, July 2011, at 13-13 (emphasis in original).

98. Plaintiff does not have an account with Capital One Bank, so Capital One Bank used Plaintiff's report for a different purpose than an account review.

99. Capital One Bank knew it did not have an account relationship with Plaintiff when it used his credit information.

100. Capital One Bank also obtained Plaintiff's reports on numerous occasions with all three credit reporting agencies for the purpose of a promotional inquiry.

101. If a company makes a promotional inquiry into a customer's personal credit information, then that company *must* make a firm offer of credit to that consumer.

102. The number of times that Capital One Bank obtained Plaintiff's reports for a promotional inquiry far exceeded the number of offers of credit that Plaintiff received from.

103. Capital One Bank did not intend to an offer any credit to Plaintiff when it obtained Plaintiff's credit reports for promotional purposes.

104. Capital One Bank violated § 1681b(f) by using Plaintiff's reports for purposes not authorized under the FCRA.

105. Capital One N.A. accessed Plaintiff's credit reports for an account review *after* Capital One and Plaintiff ended their account relationship.

106. Capital One N.A. knew that it and Plaintiff had ended their account relationship when Capital One N.A. gained aces to his report.

107. Capital One N.A. violated § 1681b(f) by using Plaintiff's reports for purposes not authorized under the FCRA

108. Defendants' intrusion(s) into Plaintiff's privacy was either intentional, or Defendants cared so little about its duties owed under the FCRA that its conduct was carried out with reckless disregard, giving rise to a willful violation and rendering Defendants liable pursuant to § 1681n.

109. As a result of Defendants' violation of 15 U.S.C. § 1681b, Plaintiff suffered actual damages, including but not limited to: pecuniary costs, mental anguish and emotional distress.

110. The violations by Defendants were willful, rendering them liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendants were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

111. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. § 1681n and § 1681o.

## COUNT SIX: VIOLATIONS OF 15 U.S.C. §1681q
### (as to the Capital One Defendants)

112. Plaintiff incorporates the previous allegations above as if set forth herein in full.

113. Defendant Capital One Bank falsely represented to the CRAs that it obtained Plaintiff's report for the purpose of an account review.

114. Defendant Capital One Bank falsely represented to the CRAs that it obtained Plaintiff's reports for the purpose of making an offer of credit.

115. Defendant Capital One N.A. falsely represented to the CRAs that it obtained Plaintiff's report for the purpose of an account review.

116. Defendants violated 15 U.S.C. § 1681b(q) by falsely representing the true purpose for obtaining Plaintiff's consumer reports.

117. Defendants' intrusion into Plaintiff's privacy was intentional, giving rise to a willful violation, rendering Defendants liable pursuant to 15 U.S.C. § 1681n.

118. As a result of Defendants' violation of 15 U.S.C. § 1681q, Plaintiff suffered actual damages, including but not limited to: pecuniary costs, mental anguish and emotional distress.

119. The violations by Defendants were willful, rendering them liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, the Defendants were negligent, which entitled Plaintiff to recover under 15 U.S.C. § 1681o.

120. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from Defendant pursuant to 15 U.S.C. § 1681n and § 1681o.

### COUNT SEVEN: VIOLATION OF 15 U.S.C. § 1681e(a)
**(Equifax, Experian and Trans Union)**

121. Plaintiff incorporates the previous allegations above as if set forth herein in full.

122. The CRAs knew Plaintiff did not have an account with Capital One Bank because Capital One Bank reports its accounts to the CRAs and there was no Capital One Bank account on Plaintiff's credit reports.

123. Nonetheless, the CRAs released Plaintiff's credit report to Capital One Bank for an account review inquiry knowing Plaintiff had no account for Capital One Bank to review.

124. Upon information and belief, Capital One Bank regularly requests credit reports to make offers of credit but does *not* make offers of credit for a substantial amount of the credit reports that it obtains on the basis of making an offer of credit.

125. Upon information and belief, the CRAs are aware of Capital One Bank's practices and knows that many of its requests for credit reports to make an offer of credit are not being used to make an offer of credit.

126. Nonetheless, the CRAs released Plaintiff's credit report on numerous occasions to Capital One Bank for a promotional inquiry knowing that a substantial number of Capital One Bank's requests would not be used to make an offer of credit.

127. Capital One N.A. reported Plaintiff's account as closed, so the CRAs knew Capital One N.A. terminated its account relationship with Plaintiff *prior* to Capital One N.A. making a credit report request for an account review purpose.

128. Nonetheless, the CRAs released Plaintiff's credit report to Capital One N.A. for an account review inquiry knowing Plaintiff no longer had an account with Capital One Bank.

129. Further, the CRAs did not require the Capital One Defendants to certify that they had a permissible purpose to obtain Plaintiff's report before *each* of their requests for Plaintiff's report.

130. Upon information and belief, the CRAs do not require their subscribers to certify their reasons for obtaining consumers' credit reports, or they only require a one-time blanket certification—which is often several years or more old—and that the CRAs know, or have reason to suspect, that the reason(s) stated in the one-time certification do not represent the subscribers true and current reason for obtaining a consumer's report.

131. The Defendant CRAs' violated 15 U.S.C. § 1681e(a) by failing to maintain reasonable procedures designed to avoid furnishing Plaintiff's credit report to the Capital One Defendants for an impermissible purpose.

132. As a result of the CRAs' violations of 15 U.S.C. § 1681e(a), Plaintiff suffered actual damages, including but not limited to: pecuniary costs, mental anguish and emotional distress.

133. The violations by CRAs were willful, rendering them liable for punitive damages pursuant to 15 U.S.C. § 1681n. In the alternative, the CRAs were negligent, which entitles Plaintiff to recovery under 15 U.S.C. § 1681o.

134. Plaintiff is entitled to recover actual damages, statutory damages, costs and attorney's fees from the Defendant CRAs pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE**, your Plaintiff demands judgment for actual, statutory and punitive damages against all Defendants; for his fees and costs; for prejudgment and post-judgment interest; and any other relief deemed appropriate by this Court.

TRIAL BY JURY IS DEMANDED.

Dated: August 2, 2021

                Respectfully submitted,

                DAWUD BEST

                /s/ Jeffery W. Styles
                Jeffery W. Styles, Esq. (Bar. 475264)
                WASHINGTON LEGAL GROUP, LLC
                1666 K Street, NW, Suite 440
                Washington, DC 20006
                Tel: (202) 503-1708
                jstyles@washington.com

                *Attorney for Plaintiff*