UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| DAWUD BEST,<br><br>　　　　　　Plaintiff,<br>v.<br><br>VERIZON COMMUNICATIONS INC.;<br>VERIZON MARYLAND LLC; TRANS UNION,<br>LLC; EQUIFAX INFORMATION SERVICES,<br>LLC; EXPERIAN INFORMATION<br>SOLUTIONS, INC.; LEXISNEXIS RISK SOLS<br>INC.; CAPITAL ONE NATIONAL<br>ASSOCIATION; CAPITAL ONE BANK (USA)<br>N.A.,<br><br>　　　　　　Defendants. | Case No.: 1:21-cv-00093-CJN |

## DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE A THIRD AMENDED COMPLAINT

Defendants Verizon Communications Inc. and Verizon Maryland LLC (collectively "Verizon") hereby submit this Opposition to Plaintiff Dawud Best's ("Plaintiff") Motion for Leave to file a Third Amended Complaint ("TAC"), as follows.

Verizon opposes Plaintiff's Motion for Leave to file a TAC because it would be futile to defeat Verizon's pending Motion to Compel Arbitration and Stay Case. Docket No. 51. Plaintiff's Motion for Leave to file a TAC was made in response to Verizon's motion. Docket No. 56 ("Plaintiff did not respond within the 14-day period required to file an Opposition to Defendant Verizon's Motion to Compel Arbitration because Plaintiff elected to address Defendant's Motion by amending the Complaint."). However, Plaintiff's proposed TAC fails to address the factual or legal arguments raised in Verizon's motion. Instead, the proposed TAC confirms that Verizon's motion should be granted. "A court may deny a motion for leave to

amend if the proposed amendment would be futile." *United States ex rel. Westrick v. Second Chance Body Armor, Inc.*, 301 F.R.D. 5, 10 (D.D.C. 2013) (citation omitted). "An amended complaint is futile 'if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory, or could not withstand a motion to dismiss.'" *Parker v. D.C.*, No. CV 14-02127 (RC), 2015 WL 7760162, at *2 (D.D.C. Dec. 1, 2015); *quoting Robinson v. Detroit News, Inc.*, 211 F. Supp. 2d 101, 114 (D.D.C. 2002). In the present case, Plaintiff's Motion for Leave to file a TAC would be futile because it cannot withstand Verizon's Motion to Compel Arbitration and Stay Case (similarly to a motion to dismiss), and therefore, Plaintiff's motion should be denied. *See, e.g.*, *James Madison Ltd. by Hecht v. Ludwig*, 82 F.3d 1085, 1099 (D.C. Cir. 1996) ("Courts may deny a motion to amend a complaint as futile, as the district court did here, if the proposed claim would not survive a motion to dismiss.") (citation omitted).

      Here, even if this Court accepts the TAC as Plaintiff's opposition to Verizon's motion, Verizon's motion should still be granted. Plaintiff's TAC does nothing to address the factual or legal arguments raised in Verizon's motion. Nor does the TAC change the fact that this matter belongs in arbitration. In fact, the TAC confirms that Plaintiff opened the subject accounts online. Docket No. 55-1; ¶ 9 ("Plaintiff opened both accounts via the internet on a website affiliated with Verizon."). Plaintiff further admits that he "read the terms of service before agreeing to the service." *Id.* at ¶ 10. However, Plaintiff then states in a conclusory fashion that "[t]here was no arbitration clause in the terms of service." *Id.* ¶ 11. Plaintiff provides no support for this blanket assertion. To the contrary, Verizon has provided concrete evidence – a copy of the Terms of Service ("TOS") in its motion, in conjunction with a supporting declaration – which

clearly contains an arbitration provision. Docket No. 51-2, pp. 15-16. The TOS expressly provides:

> **NOTICE OF ARBITRATION AGREEMENT**
> **THIS AGREEMENT CONTAINS A BINDING ARBITRATION CLAUSE AND A CLASS ACTION WAIVER. IT REQUIRES THAT DISPUTES BE RESOLVED BY ARBITRATION, RATHER THAN CLASS ACTION LAWSUITS OR JURY TRIALS (EXCEPT FOR MATTERS THAT MAY BE TAKEN TO SMALL CLAIMS COURT). PLEASE SEE SECTIONS 15-18 FOR MORE INFORMATION.**
>
> …
>
> **18. ARBITRATION OR SMALL CLAIMS ACTIONS.**
> **WE HOPE TO MAKE YOU A HAPPY CUSTOMER, BUT IF THERE'S AN ISSUE THAT NEEDS TO BE RESOLVED, THIS SECTION OUTLINES WHAT'S EXPECTED OF BOTH OF US.** YOU AND VERIZON BOTH AGREE TO RESOLVE DISPUTES ONLY BY ARBITRATION OR IN SMALL CLAIMS COURT.
>
> **…**
>
> 1. THE FEDERAL ARBITRATION ACT APPLIES TO THIS AGREEMENT. EXCEPT FOR SMALL CLAIMS COURT CASES THAT QUALIFY, ANY DISPUTE THAT IN ANY WAY RELATES TO OR ARISES OUT OF THIS AGREEMENT OR FROM ANY EQUIPMENT, PRODUCTS AND SERVICES YOU RECEIVE FROM US (OR FROM ANY ADVERTISING FOR ANY SUCH PRODUCTS OR SERVICES) WILL BE RESOLVED BY ONE OR MORE NEUTRAL ARBITRATORS BEFORE THE AMERICAN ARBITRATION ASSOCIATION ("AAA").

*Id.* Moreover, Verizon's declaration specifically outlined the procedure in which Plaintiff had to accept the TOS, including the arbitration provision contained therein. Docket No. 51-1, ¶ 4. To complete the registration process and create a customer account with Verizon, a customer is required to accept the TOS. *Id.* The registration system explicitly advises customers: "I have read and agree to the Terms of Service. I understand that selecting this constitutes my electronic signature accepting these terms." *Id.* Customers are able to view the TOS in their entirety on their computer screen, and are also able to print the TOS. *Id.* Customers are able to continue to

the next step only if they check the option box indicating they have read the TOS and accepted them. *Id.* In accordance with these procedures, before Plaintiff's service was activated, Plaintiff had to electronically accept the TOS, including the arbitration provision contained therein. *Id.*

Further, Plaintiff's Motion for Leave to File a TAC should also be denied because it was an improper response to Verizon's Motion to Compel Arbitration and Stay Case. The proper response to Verizon's Motion to Compel Arbitration and Stay Case is an opposition, not the present Motion for Leave to file a TAC. *See* LCvR 7. To date, Plaintiff still has not responded to Verizon's pending Motion to Compel Arbitration and Stay Case. Docket No. 51. Rather than responding to Verizon's motion, Plaintiff decided it was proper to just ignore Verizon's motion entirely, and instead, file a Motion for leave to file a TAC in lieu of an opposition. Plaintiff's flagrant disregard of the procedural rules cannot be countenanced. Without an opposition, Plaintiff's motion stands unopposed and should be granted in its entirety. *See* LCvR 7.

Plaintiff's arguments should have been raised, along with evidentiary support, in Plaintiff's opposition to Verizon's motion, not as unsupported allegations and conclusions in a proposed TAC that has no evidentiary support. Despite having an opportunity to file an already late opposition to Verizon's motion, Plaintiff decided once again to squander the chance to do so. In fact, even accepting the TAC as Plaintiff's opposition to Verizon's motion, the TAC simply confirms that this action belongs in arbitration.

/

/

Accordingly, the Court should deny Plaintiff's Motion for leave to file a TAC, find that Plaintiff has conceded the merits of Verizon's Motion to Compel Arbitration and Stay Case, and should further issue an Order compelling this matter to arbitration between Defendants and Plaintiff and stay this case.

DATED: January 27, 2022

                Respectfully Submitted,

                /s/ J. Stephen Simms
                J. Stephen Simms (382388)
                Simms Showers LLP
                201 International Circle, Suite 230
                Baltimore, Maryland 21030
                Phone:       410-783-5795
                Facsimile:   410-510-1789
                Email: jssimms@simmsshowers.com

                Verizon Maryland, LLC and
                Verizon Communications Inc. Counsel

## **CERTIFICATE OF SERVICE**

I hereby certify that, on January 27, 2022, I caused the foregoing Defendants' Opposition to Plaintiff's Motion for Leave to File a Third Amended Complaint to be filed on this Court's CM/ECF system for service on all counsel of record.

                /s/ J. Stephen Simms
                J. Stephen Simms